Eugene BLAIR, III, Petitioner,

v.

ATLANTIC INDUSTRIAL, INC., a/k/a Atlantic Scaffolding Co., and Faustino Murillo, Respondents.

No. 14–1041

Supreme Court of Texas.

OPINION DELIVERED: January 8, 2016

James F. Scherr, Scherr & Legate PLLC, 1 Texas Tower, El Paso, TX 79901–1150, Joseph L. Hood Jr., Windle Hood Norton Brittain & Jay LLP, 201 East Main Drive, Suite 1350, El Paso TX 79901–1340, Attorneys, for Petitioner Eugene Blair, III.

Carl H. Green, S. Anthony Safi, Mounce Green Myers Safi Paxson & Galatzan P.C., P.O. Box 1977, El Paso TX 79999–1977, Darryl Scott Vereen, Mounce, Green, Myers, Safi, Paxson & Galatzan 100 N Stanton St Ste 1000, El Paso, TX 79901–1463, Attorneys, for Respondent Atlantic Industrial, Inc.

J. Morgan Broaddus III, Gordon Davis Johnson & Shane P.C., 4695 N. Mesa St Ste 100, El Paso, TX 79912–6149, John M. Dickey, Gordon Davis Johnson & Shane, P.C., 4695 N. Mesa St., El Paso, TX 79912–6150, for Respondent Faustino Murillo.

PER CURIAM

Eugene Blair, III sued Faustino Murillo and his employer, Atlantic Industrial, Inc., following an automobile accident in which Blair was injured. Murillo stipulated that he was the sole cause of the accident; thus, no negligence or causation questions were submitted as to him. The trial court submitted three questions to the jury regarding Atlantic: *respondeat superior*, negligent entrustment, and proportionate responsibility. The jury answered the *respondeat superior* and negligent entrustment questions affirmatively and apportioned fault between Atlantic and Murillo at 60% and 40%, respectively. The trial court disregarded the apportionment answer and rendered a joint and several judgment for Blair's damages against both defendants. Atlantic and Murillo appealed.

The court of appeals reversed both liability findings as to Atlantic, 457 S.W.3d 511 (Tex.App.–El Paso 2014). The appeals court's opinion stated: "We reverse and render judgment that Blair take nothing against Atlantic. The judgment in all other respects is affirmed." *Id.* at 520. However, the judgment provided: "We therefore reverse the judgment of the court below and render that the Appellee [Blair] take nothing against Appellants [Atlantic and Murillo]. The judgment in all other respects is affirmed." Murillo moved for rehearing, contending, *inter alia*, that the court of appeals' judgment inaccurately reflected its opinion but urging the court to render judgment against him for only 40% of Blair's damages, in accordance with the jury's findings. Atlantic agreed that rehearing should be granted, in part, to correct the inconsistencies between the opinion and judgment, maintaining that judgment should be rendered that Blair take nothing as to Atlantic. Blair filed a response to Murillo's motion for rehearing and requested that the court of appeals reform its judgment and render judgment for Blair against Murillo for 100% of Blair's damages, or, in the alternative, for 40% of his damages in conformance with the jury findings. The

court of appeals denied rehearing and did not modify its judgment.

In Blair's petition for review and Murillo's response, they agree that the court of appeals rendered a judgment that is inconsistent with its opinion. We agree that the opinion and judgment are inconsistent. Accordingly, without consideration of the merits beyond the matters addressed by this opinion, we grant the petition for review without hearing oral argument, *see* TEX. R. APP. P. 59.1, and reverse the court of appeals' judgment. We remand the case to the court of appeals for it to render judgment consistent with its opinion.